JAIME MATOS PÉREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1104. Submitted July 6, 1942.—Decided November 24, 1942.

*Gaspar Gerena Bras* for appellant.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an administrative appeal from the ruling of a registrar of property refusing to record a deed in which the vendor purports to ''sell, convey and transfer'' to the vendee ''all the share, title, right and interest he has or might be found to have'' in a certain farm. The registrar denied recordation on the following grounds:

''THE RECORD of the foregoing deed is refused, because compliance has not been had therein with §21 of the Mortgage Law which provides: that public instruments embodying acts or contracts subject to record must state at least all the details that the record

must contain under the penalty of nullity, relating to the persons of the parties thereto, the estates and the recorded interests; and §9 thereof prescribes that every record made in a registry shall set forth, among others, the following details: '2. The nature, extent, conditions and charges of any kind of the right recorded and its value, if it appear in the instrument. 3. The nature, extent, conditions and charges of the right upon which the subject of the record is constituted.' Such details, which can not be ascertained by the Registrar except from the title itself, have been entirely omitted in the instrument presented for record, and such omission would avoid any record thereof, as prescribed in §30 of the aforesaid statute. If, after passing upon an instrument, it should appear that the record thereof would become void, the Registrar should not record it. (41 P.R.R. 575.) Juan Matos Rodríguez, the vendor, fails to specify what rights he has in the property described, and he sells, conveys and transfers such indeterminate rights to Jaime Matos Pérez, the purchaser, and in the event that condomina were concerned, the provision of subdivision 2 of §9 of the Mortgage Law, in so far as it requires that the extent of the interest recorded be determined, imperatively requires with respect to a condominium that the record thereof show very clearly the aliquot share of which it consists. A Registrar of Property, whose duty it is to record in his books ONLY what the documents contain, is not authorized to determine what are the rights and actions claimed by the vendor to be his without specifying them, for, as regards the extent of the rights recorded, the law does not admit of indeterminate statements or vagueness, the deplorable consequences of which the Registrar of Property is called on to avoid and prevent. (15 P.R.R. 477, 480).''

The appellant insists that the registrar is required (a) to examine the previous recordings of the property in question, (b) to determine, after such examination, the right, title, and interest of the vendor therein, and (c) to record in the name of the vendee the right, title, and interest which his examination discloses as previously vested in the vendor.

The contention of the appellant is not well taken. In a somewhat similar situation, we recently held in *Pablo Ruiz* v. *Torres, ante,* pp. 1, 4, decided November 4, 1942, that ''In passing upon a deed, for which recordation is sought, and upon the qualifications of the parties thereto, the reg-

istrar shall take into consideration what appears from such deed, and he is not bound to examine former recordings, nor to study other deeds not supplementary to the one sought to be recorded. Section 18 of the Mortgage Law and §77 of the Mortgage Law Regulations; *Heirs of Collazo* v. *Registrar,* 41 P.R.R. 535; 2 Morell 241.'' At page 3 of that same case we said that ''pursuant to §9 of the same statute, every entry made in the registry shall contain, among other things: . . . the nature, extent, conditions and charges of the right upon which the subject of the record is constituted. When the record does not comply with the aforesaid circumstances, it is void as provided in §30 of the Mortgage Law.''

See also, 2 Morell, *Legislación Hipotecaria,* 127; *Alvarez et al.,* v. *Reg. of Prop.,* 3 P.R.R. 252, 256.

The fact that the property herein is, according to the appellant, a condominium presents an additional reason for sustaining the registrar's ruling in this case. In passing on the problem of the recordation of the interests of co-owners in a condominium, this court in *Puig et al.* v. *The Registrar of Property,* 15 P.R.R. 477, 480, laid down the following rule:

''In the decision of the Directory of Registries of June 6, 1894, the doctrine is established that the provisions of subdivision two of article nine of the Mortgage Law, in so far as they require that the extent of the interest recorded be stated, imperatively require, with respect to coownership, that the record thereof show the aliquot share of each participant with such clearness that a third person may recognize it without question.

''. . · the law does not admit of indeterminate statements or vagueness, the deplorable consequence of which the registrar of property is called on to avoid and prevent.''

The ruling of the registrar will be affirmed.